ALD-018                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3479
_____

IN RE:  NATHANIEL PITTS,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 10-cr-00703-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 24, 2013

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 19, 2013)
_____

O P I N I O N
_____

PER CURIAM

Petitioner Nathaniel Pitts is a federal inmate seeking mandamus relief concerning

certain pro se motions filed in his criminal case.  In brief summary, at the conclusion of

his criminal proceedings, Pitts filed a pro se motion for reconsideration, which the

District Court denied.  In October 2012, after his direct criminal appeal concluded, Pitts

filed a pro se motion invoking Rule 60(b) of the Federal Rules of Civil Procedure,

seeking to reopen the District Court's denial of his pro se motion for reconsideration.  In

1

July 2013, Pitts filed a pro se motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. About one month later, Pitts filed this mandamus petition, alleging that undue delay has occurred, and asking us to compel the District Court to adjudicate the pending motions in his criminal case.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)). It is well-settled that the manner in which a district court disposes of the cases on its docket is committed to its sound discretion. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Some delays, however, are so intolerable as to warrant appellate intervention. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In Pitts's case, we conclude that the delay does not rise to the level of a denial of due process or a failure by the District Court to exercise jurisdiction. See Madden, id. Since the date of his mandamus filing, the Government has filed a response to Pitts's motions seeking summary judgment and other relief under the Federal Rules of Civil Procedure. Pitts's reply to the Government's response was filed on September 6, 2013. On the basis of these facts, we cannot conclude that Pitts's situation is in any way extraordinary or that he has shown a clear and indisputable right to mandamus relief. We

are confident that the District Court will rule on the pending motions without undue delay.

Accordingly, we will deny the petition for a writ of mandamus.